# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

Honorable Ben J. Dean
District Attorney
Breckenridge, Texas

Dear Sir:

Opinion No. O-4462
Re: Should the county treasurer
take up the warrant and issue his
check on the depository to the
payee of the warrant or should he
simply endorse the warrant as
prescribed by Article 2554, Vernon's
Annotated Civil Statutes, and
deliver it to the payee and let
the payee present the warrant to
the depository, and a related
question?

Your letter of February 27, 1942, requesting the opinion of this
department on the questions stated therein reads as follows:

"The procedure for the paying of county warrants in
Stephens County is that when the same are presented to
the County Treasurer he registers the warrant, and, if
there is sufficient funds to pay it, he issues a check
as County Treasurer on the county depository.

"Article 1713, R. S., provides that: 'The County Treasurer
shall not pay any money out of the county treasury, except
in pursuance of a certificate or warrant from some officer
authorized by law to issue the same.'

"Prior to 1937, the law provided that county warrants
should be presented to the County Treasurer and that he
should draw his check upon the county depository and take
up the warrant. Article 2554, R. S.

"This article was amended when the county depository law was
amended in 1937, and it now provides that upon presentation
to the County Treasurer of 'any warrant, check or voucher
or order drawn by the proper authority, if there be suffi-
cient funds for the payment thereof on deposit in the

account against which such warrant is drawn, to endorse
upon the fact of such instrument, his order to pay the
same to the payee named therein and to charge the same on
his books to the fund upon which it is drawn.'

"Article 2552, R. S., as amended, says in part:  'It shall
be the duty of the depository or depositories to pay, upon
presentment at the county seat of the county, or in case of
"time deposit" to pay upon presentment after the expiration
of period of notice agreed upon, all checks or warrants
drawn by the County Treasurer upon the funds of said county
deposited with said depository or depositories, as long as
such funds shall be in the possession of such depository
subject to such checks or warrants.'  And, under the same
article, failure to pay the same subjects the depository
to 10% forfeiture.

"Article 1634, R.S., provides in part as follows:  'The
County Treasurer shall keep accurate, detailed accounts
showing all the transactions of his office, and all warrants
by him paid off shall be punched at the time he pays them'

"It thus appears that formerly it was the duty of the County
Treasurer to issue his check in payment of warrants, but
that under amended Article 2554 he is to 'endorse upon the
face of such instrument his order to pay the same to the
payee named therein.'  Other statutory provisions above
referred to leave the question in doubt as to the proper
procedure after the warrant reaches the County Treasurer's
office.  I should like to ask the following questions:

"(a)  Should the County Treasurer take up the warrant and
issue his check on the depository to the payee of the
warrant or should he simply endorse the warrant as pre-
scribed by Article 2554 and deliver it to the payee and
let the payee present the warrant to the depository?

"(b)  Is the county depository authorized to pay the check
of the Treasurer drawn by the Treasurer to take up the
warrant?"

It will be noted, as stated above, that prior to 1937 it was the
duty of the county treasurer, upon the presentation to him of
any warrant drawn by the proper authority, if there was money
enough in the depository belonging to the funds upon which said
warrant was drawn and out of which the same was payable, to draw

to draw his check as county treasurer upon the county depository in favor of the legal holder of said warrant, and to take up said warrant and to charge the same to the fund upon which it was drawn. However, when Article 2554, Vernon's Annotated Civil Statute, was amended (Acts 1937, 45th Legislature, p. 1298, ch. 484, sec. 1), it was made the duty of the county treasurer upon the presentation to him of any warrant, check, voucher, or order drawn by the proper authority, if there were funds sufficient for' the payment thereof on deposit in the account against which such warrant was drawn, to endorse upon the face of such instrument his order to pay the same to the payee named therein and to charge the same on his books to the fund upon which it was drawn. The act as amended further provides that the county treasurer shall not make an endorsement upon any warrant, check, voucher or order, upon any funds deposited with said depository or depositories which are designated as "time deposits" until after notice is duly given and the time has expired as required in the contract of said depository in designating said funds as "time deposits."

We have carefully considered the statutes mentioned in your inquiry in connection with other statutes, and it is our opinion that when any warrant drawn by the proper authority is presented to the county treasurer the warrant should be endorsed by the county treasurer as prescribed by Article 2554, Vernon's Annotated Civil Statutes, and delivered to the payee and the payee should present the warrant to the depository for payment.

In reply to your second question, by virtue of Article 2554, supra, it is our opinion that the county treasurer is not authorized to draw a check upon the county depository and to take up a warrant drawn by the proper authority, but, under the above mentioned statute, it is the duty of the county treasurer to endorse the warrant as prescribed by Article 2554, supra.

In connection with the foregoing, we direct your attention to Article 1661, V.A.C.S., which provides in part:

> "All warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor."

If the county has an auditor, this procedure must be followed. Before the county treasurer endorses any warrants, except jury warrants, all warrants must be countersigned as required by Article 1661, supra. There is no conflict between this provision of Article 1661 and Article 2554, as amended. The treasurer must in all instances register warrants as required by Articles 1625

and 1627, V.A.C.S.. Of course, when any warrant is presented to the county treasurer, drawn by the proper authority, before being endorsed by the county treasurer there must be money enough in the depository belonging to the fund upon which said warrant is drawn out of which the same is payable. If the money is not available, the treasurer must wait until such money is available, before he endorses such warrant or warrants for payment as authorized by Article 2554, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By

AW:GO/cge                Ardell Williams
                            Assistant

APPROVED MARCH 14, 1942
s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By BWB, Chairman